Gerald P. Culkin, Acting Justice.
Plaintiff’s claim against defendant is based upon the alleged failure of defendant or of its employees to take proper precautions which would have prevented this occurrence and the consequent injuries sustained by him.
The proof establishes that the incident occurred at the rush hour and was due to a combination of circumstances for which the defendant must be held responsible. Plaintiff had deposited his fare and had proceeded through the turnstile when he was pushed and thrown to the platform by a large crowd coming out of a train at the station. It was the duty of the ticket agent, the only employee at this station, to open an exit gate shortly before the rush hour in anticipation of the greatly increased number of persons debarking from trains at that time. It appears that the agent neglected to do so on this occasion, the court crediting the definite testimony on this point given by plaintiff and plaintiff’s witness. All of the passengers getting off this train, of whom there were a great number according to the proof, were *602 thus compelled to go through the two turnstiles provided at this station. There being no guard, the crowd, intent on getting home without delay pushed and milled through and around the two turnstiles, wholly inadequate for the purpose, causing plaintiff to be thrown to the ground.
Accordingly, plaintiff has established by a fair preponderance of the evidence that his injuries were caused by the negligence of defendant and that he was not guilty of any negligence contributing thereto. Plaintiff sustained a serious injury, was incapacitated for an extended time and incurred, even discounting some portion of the claimed loss of earnings, substantial special damages. He is awarded $7,500.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.